**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ADAM ROBLEDO,

Plaintiff,

v.

D. CASTILLO, et al.,

Defendants.

Case No.: 1:14-cv-00276-BAM (PC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITHOUT PREJUDICE

(ECF No. 6)

Plaintiff Adam Robledo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 28, 2014. Plaintiff's complaint concerns allegations of excessive force, denial of medical care, and deliberate indifference to his health and safety.

On March 13, 2014, Plaintiff filed a document entitled "(T.R.O.) Order to Show Cause for Preliminary Injunction and Temporary Restraining Order." (ECF No. 6, p. 1.) The document appears to be a proposed order to show cause and injunction against Defendants for the Court's signature. (ECF No. 6, p. 6.) Insofar as Plaintiff's document is construed as a motion for temporary restraining order and preliminary injunction, the motion is deficient and shall be denied without prejudice to refiling.

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Here, Plaintiff's proposed order does not establish that he is likely to succeed on the merits or suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor or that an injunction is in the public interest. Rather, the proposed order merely includes a list of things that defendants should be restrained from doing, including, among other things, stalking, harassing, gender profiling, terrorizing, stealing, destroying property, staging violence and incidents, and falsifying reports. (ECF No. 66, pp. 2-3.)

Additionally, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable claim, no defendant has been ordered served and no defendant has yet made an appearance. At this juncture, the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39. The Court will screen Plaintiff's complaint in due course.

For these reasons, Plaintiff's motion for a temporary restraining order and a preliminary injunction, filed on March 13, 2014, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 4, 2014**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28